UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-21870-MORENO/STRAUSS
(CASE NO. 10-CR-20800-MORENO)

DERRICK HARRELL,

     Movant,

v.

UNITED STATES OF AMERICA,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court on Movant Derrick Harrell's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion"). (DE 1).[1]   This matter has been referred to me by the Honorable Federico A. Moreno, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the United States District Court for the Southern District of Florida, to take all necessary and proper action as required by law, with respect to any and all pretrial matters. (DE 18).  I have reviewed the Motion (DE 1), the Government's Response (DE 9) to the Court's Order to Show Cause (DE 4, 5), Movant's Reply (DE 10), and Movant's one-page "Supplemental Motion for 2255 Objection."  (DE 13).  Based on my review of these filings and other pertinent portions of the record, and being otherwise duly advised in the premises, I respectfully **RECOMMEND** that the Motion be **DENIED.**

---

[1] Herein, citations to "DE" refer to the docket in the instant civil proceeding, 20-CV-21870-MORENO/STRAUSS.  Citations to "CR DE" refer to the docket in the underlying criminal proceeding, 10-CR-20800-MORENO.

I.     **BACKGROUND**

Movant was charged by way of a Second Superseding Indictment with one count of conspiracy to commit Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951(a) (Count 1); two substantive counts of Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951(a) and 2 (Counts 2 and 4); and two counts of brandishing a firearm in furtherance of a crime of violence, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2 (Counts 3 and 5).  (CR DE 283).  Notably, the crime of violence alleged as the predicate for Count 3 was the substantive Hobbs Act robbery alleged in Count 2.  *Id.*

On February 20, 2015, Movant pled guilty to conspiracy to commit Hobbs Act robbery (Count 1), both counts of substantive Hobbs Act robbery (Counts 2 and 4), and one count of brandishing a firearm in furtherance of a crime of violence (Count 3), with the Government ultimately dismissing the remaining Count 5.  (CR DE 296, 297, 307).  According to the facts Movant admitted at his change of plea hearing, the charges stemmed from two robberies that Movant committed, with others, on June 26, 2010 – one of a Walgreens pharmacy and one of a McDonald's restaurant.  (CR DE 323 at 18-20).  During those robberies, Movant brandished a .357 magnum, caused fear in the people in the stores, and took money and miscellaneous property from those people and the stores.  *Id.*  The Court entered an Amended Judgment sentencing Movant to 115 months' imprisonment on Counts 1, 2, and 4, followed by a consecutive sentence of 84 months on Count 3.  (CR DE 307).[2]

---

[2] The judgment was later further amended to correct a clerical error.  (CR DE 314, 318).

Movant filed an Amended Notice of Appeal. (CR DE 321). However, the Eleventh Circuit Court of Appeals dismissed the appeal as untimely and barred by the appeal waiver in Movant's plea agreement. (CR DE 328).

Movant now seeks to vacate his conviction for brandishing a firearm in furtherance of a crime of violence (and potentially his conviction on other counts) arguing, based on *United States v. Davis*, 139 S. Ct. 2319 (2019) and related decisions, that Hobbs Act robbery and conspiracy to commit Hobbs Act robbery no longer qualify as "crimes of violence."

## II.   ANALYSIS

"[Section] 924(c) provides for a mandatory consecutive sentence for any defendant who uses a firearm during a crime of violence or a drug-trafficking crime." *In re Sams*, 830 F.3d 1234, 1237 (11th Cir. 2016) (citing 18 U.S.C. § 924(c)(1)). Under § 924(c), "crime of violence" means an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A)-(B).

The former clause is referred to as the "use-of-force clause" or "elements clause" and the latter as the "residual clause." *Davis*, 139 S. Ct. at 2324; *Sams*, 830 F.3d at 1237. *Davis* invalidated § 924(c)'s residual clause as unconstitutionally vague, 139 S. Ct. at 2336, but not its elements clause, *In re Pollard*, 931 F.3d 1318, 1320 (11th Cir. 2019).

A § 2255 movant "bear[s] the burden of showing that he is actually entitled to relief on his *Davis* claim, meaning he [must] show that his § 924(c) conviction resulted from application of

solely the [now defunct] residual clause [in § 924(c)(3)(B)]." *In re Hammoud*, 931 F.3d 1032, 1041 (11th Cir. 2019) (citing *Beeman v. United States*, 871 F.3d 1215, 1222-25 (11th Cir. 2017); *In re Moore*, 830 F.3d 1268, 1271-73 (11th Cir. 2016)).

Movant alleges four grounds for relief in his Motion:

1. Conspiracy to commit Hobbs Act robbery does not qualify as a "crime of violence" because it relies on the "residual clause" part of the definition of "crime of violence";

2. Plaintiff "was not given the proper elements instruction of the charges before pleading guilty" and the "elements in the indictment were incorrect";

3. Hobbs Act robbery does not qualify as a "crime of violence"; and

4. Conspiracy to commit Hobbs Act robbery cannot support a conviction for 18 U.S.C. § 924(c).

Even assuming that Movant's claims are not procedurally barred,[3] none of his claims merit relief.

---

[3] The Government argues that Movant is procedurally barred from raising his *Davis* claim in a § 2255 motion and, in the alternative, that Movant's claims fail on the merits. (DE 9). Here, the Court need not decide whether any procedural bars apply because *Davis* simply does not afford Movant any relief. As a result, Movant's claim should be denied on the merits. *See, e.g.*, *Mims v. United States*, 758 F. App'x 890, 892 (11th Cir. 2019) (affirming a district court's denial of a § 2255 motion even though the motion was untimely); *Goodloe v. United States*, 448 F. App'x 980, 981 (11th Cir. 2011) (affirming a district court's merits denial of a § 2255 motion even though the claim was also procedurally barred). At any rate, because Movant's claims fail on the merits, he would be unable to overcome any applicable procedural bars. First, actual prejudice under the cause-and-prejudice standard could not be shown if *Davis* has no applicability to Movant's case. *See Bousley v. United States*, 523 U.S. 614, 622 (1998); *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). Second, the actual innocence exception would not permit Movant to overcome any applicable procedural bar because his filings do not rely on any factual evidence of innocence. Instead, he apparently relies on *Davis* to prove his innocence. (DE 10 at 1) (asserting actual innocence without any discussion of factual evidence). Of course, because *Davis* does not apply to Movant's case, the issuance of *Davis* would not support his contention that he is actually innocent.

## A.  Conspiracy to Commit Hobbs Act Robbery (Grounds 1 & 4)

Movant's Grounds 1 and 4 seek relief on the premise that conspiracy to commit Hobbs Act robbery, to which Movant pled guilty in Count 1, cannot satisfy the definition of "crime of violence."  Movant is correct that, following *Davis*'s invalidation of the residual clause in § 924(c)'s definition of "crime of violence," conspiracy to commit Hobbs Act robbery does not constitute a crime of violence.  *Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019) (finding that conspiracy to commit Hobbs Act robbery does not qualify as a "crime of violence" under § 924(c)'s elements clause).  Therefore, conspiracy to commit Hobbs Act robbery can no longer serve as the predicate offense for a conviction under § 924(c).  *Id.* at 1076.  However, that fact offers Movant no actual relief.  As noted above, the predicate crime of violence for Movant's § 924(c) conviction in Count 3 was the <u>substantive</u> Hobbs Act robbery alleged in Count 2, not the <u>conspiracy</u> to commit Hobbs Act robbery alleged in Count 1.

Furthermore, to the extent Movant is suggesting that his conviction on Count 1 itself is invalid because conspiracy to commit Hobbs Act robbery is not a crime of violence,[4] his claim is meritless.  Qualification as a crime of violence, under the definition established in § 924(c) or any other provision, is not an element of Hobbs Act robbery or conspiracy to commit Hobbs Act robbery.  *See* 18 U.S.C. § 1951(a).  Movant has not identified any authority suggesting to the contrary or otherwise suggesting that § 1951(a) is unconstitutionally vague.  Nor is the Court aware of any such authority.  Therefore, Grounds 1 and 4 fail to justify any relief.

---

[4] It is unclear whether Movant is making this argument in Ground 1.  If he is not, then it appears that Ground 1 and Ground 4 are duplicative.

B. **Substantive Hobbs Act Robbery (Ground 3)**

As described above, the predicate crime of violence for Movant's § 924(c) conviction in Count 3 was the substantive Hobbs Act robbery alleged in Count 2.   In Ground 3, Movant asserts that substantive Hobbs Act robbery does not qualify as a crime of violence under § 924(c)'s elements clause.   As clarified in Movant's reply (DE 10), Movant relies upon the analysis articulated in *United States v. Chea*, Nos. 98-cr-20005-1 and 98-cr-40003-2, 2019 WL 5061085 (N.D. Cal. Oct. 2, 2019).   However, this argument cannot offer Movant relief because the conclusion in *Chea* conflicts with binding Eleventh Circuit precedent holding that substantive Hobbs Act robbery is a crime of violence under § 924(c)'s elements clause.

"A federal prisoner raising a *Davis* claim cannot show that he was sentenced under § 924(c)'s residual clause if current binding precedent clearly establishes his predicate offense qualifies as a crime of violence under the elements clause." *Levatte v. United States*, 805 F. App'x 658, 659 (11th Cir. 2020) (citing *Pollard*, 931 F.3d at 1321).   The Eleventh Circuit has held that Hobbs Act robbery is a crime of violence under § 924(c)'s elements clause. *United States v. St. Hubert*, 909 F.3d 335, 346, 351 (11th Cir. 2018), *abrogated in part on other grounds by Davis*, 139 S. Ct. at 2336.   *Accord Brown*, 942 F.3d at 1075 (citing *In re Saint Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016)).   The Eleventh Circuit has continued to recognize *St. Hubert*'s binding holding in recent decisions addressing claims identical or similar to Movant's.   *See*, *e.g.*, *Crawford v. United States*, 805 F. App'x 758, 761 (11th Cir. 2020); *United States v. Henderson*, 798 F. App'x 468, 470 (11th Cir. 2020); *United States v. Gilmore*, No. 17-10588, 2020 WL 6390209 at *6 (11th Cir. Nov. 2, 2020).

In the face of the Eleventh Circuit's clear precedent, Movant cites to a Northern District of California decision. In *Chea*, the court found that Hobbs Act robbery could not satisfy the elements clause because the crime could be committed in such a way that did not require a sufficient amount of "physical force" as that term had been interpreted by the Ninth Circuit Court of Appeals. The *Chea* court noted that the definition of "robbery" used in the Hobbs Act indicates that the offense may be committed "by means of actual or threatened force, or violence, or <u>fear of injury</u>, immediate <u>or future</u>, <u>to</u> his person <u>or property</u> . . ." *Id*. at *8 (quoting 18 U.S.C. § 1951(b)(1)) (emphasis in original). Having concluded that the offense can be committed by causing fear of future injury to property, the *Chea* court concluded that causing such fear need not necessarily involve the use of "violent physical force."[5]  *Id*. at *8-9. Thus, *Chea* found that, taking a categorical approach, Hobbs Act robbery does not qualify as a crime of violence because it

---

[5] As described above, § 924(c)(3)(A) (the elements clause) defines "crime of violence" as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Since the term "physical force" is not defined in the statute, the Ninth Circuit has imported the definition of that term as it has been interpreted in the context of a different "elements clause" – from the Armed Career Criminal Act's (ACCA) definition of "violent felony." The Supreme Court had previously interpreted the phrase "physical force," as used in the ACCA, to require "violent force – that is, force capable of causing physical pain or injury <u>to another person</u>." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis added) (citation omitted). The *Chea* court noted that the Ninth Circuit had applied the definition from *Johnson* to the term "physical force" in § 924(c)(3)(A), even while recognizing that § 924(c)(3)(A) encompasses crimes involving a threat of physical force against persons or <u>property</u> whereas the ACCA elements clause at issue in *Johnson* only applied to physical force against persons. *Chea*, 2019 WL 5061085, at *8 (citing *United States v. Watson*, 881 F.3d 782, 784 (9th Cir. 2018)). The *Chea* court further acknowledged that the Ninth Circuit had not yet applied the *Johnson* standard in the § 924(c) context to a crime involving threatened physical force against property. *Id*. Importantly, the Eleventh Circuit has questioned the applicability of the *Johnson* standard in this context. *See St. Hubert*, 909 F.3d at 350 n.14 ("[I]n the § 924(c) context, *Curtis Johnson* may be of limited value in assessing the quantum of force necessary to qualify as a 'use, attempted use, or threatened use of physical force' against property within the meaning of  § 924(c)(3)(A).").

"sweeps more broadly than the definition of a 'crime of violence' under the elements clause of §

924(c)(3)." *Id*. at *9-10.

However, the Eleventh Circuit clearly came to the opposite conclusion in *St. Hubert*.

After conducting its own analysis of Hobbs Act robbery using the same categorical approach, the

Eleventh Circuit concluded

> St. Hubert does not offer a plausible scenario, and we can think of none, in which
> a Hobbs Act robber could take property from the victim against his will and by
> putting the victim in fear of injury (to his person or property) without at least
> threatening to use physical force capable of causing such injury. *See Curtis Johnson
> v. United States*, 559 U.S. 133, 140, 130 S. Ct. 1265, 1271, 176 L.Ed.2d 1 (2010)
> (stating that the phrase "physical force" as used in the ACCA's "violent felony"
> definition means "violent force—that is, force capable of causing physical pain or
> injury to another person").

*St. Hubert*, 909 F.3d at 350.  Thus, not only does Eleventh Circuit precedent foreclose the

conclusion that Movant urges this Court to make, it also rejects the analysis on which Movant

seeks to rely.

In his supplemental filing,[6] Movant also cites to *United States v. Eason*, 953 F.3d 1184

(11th Cir. 2020), for the proposition that substantive Hobbs Act robbery is not a crime of violence.

However, *Eason*'s holding is not applicable in this context.  In *Eason*, the court found that

substantive Hobbs Act robbery does not qualify as a "crime of violence" as defined in the United

---

[6] Movant styled this filing as a "Supplemental Motion for 2255 'Objection'" (DE 13).  He filed it
on June 22, 2020, approximately one week after his initial reply (DE 10) (which itself was mis-
styled as a "response" to "Government['s] Motion to 28 U.S.C. 2255)."  Still, the supplemental
filing is clearly a further reply to the arguments the Government advanced in its response to the
order to show cause.  While the Court could strike this filing as an additional memorandum of law
filed without leave of Court, *see* S.D. Fla. L.R. 7.1(c), I nevertheless consider the lone argument
and citation it contains.

States Sentencing Guidelines § 4B1.2(a).  That definition is very similar to, but materially different from, the definition of "crime of violence" at issue here.

The "elements clause" of the Guidelines' provision defines "crime of violence" to mean "any offense . . . that . . .has as an element the use, attempted use, or threatened use of physical force against the person of another."  U.S.S.G. § 4B1.2(a) (emphasis added).  As discussed above, Hobbs Act robbery can be committed through threats of force against "a person or property."  18 U.S.C. § 1951(b)(1) (emphasis added).  Because Hobbs Act robbery could be committed through a threat of force against property without a threat of force against a person, the *Eason* court concluded that the crime was broader than the Guidelines' definition of crime of violence and thus could not qualify as a crime of violence using the categorical approach.  953 F.3d at 1190.  However, the definition of crime of violence at issue here – from 18 U.S.C. § 924(c)(3)(A) – encompasses crimes that "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another."  In other words, this definition is broader than the Sentencing Guidelines' definition in a way that encompasses the full definition of Hobbs Act robbery and addresses the issue identified in *Eason*.  In fact, the Eleventh Circuit noted this exact distinction in *Eason* in explaining why its holding in *St. Hubert* (that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)) did not compel the same holding under the Guidelines' definition.  953 F.3d at 1191 ("There is nothing incongruous about holding that Hobbs Act robbery is a crime of violence for purposes of . . . § 924(c)(3)(A), which includes force against a person or property, but not for purposes of U.S.S.G. § 4B1.2(a)(1), which is limited to force against a person.") quoting *United States v. O'Connor*, 874 F.3d 1147, 1158 (10th Cir. 2017))).  Thus, *Eason*

9

is not applicable here and does not support Movant's argument.  Therefore, Movant's Ground 3 fails.

**C.  <u>Elements of Offense of Conviction (Ground 2)</u>**

Movant's remaining ground for relief is that he "was not given the proper elements instruction before I plead guilty."  (DE 1 at 5).  The only further explanation Movant gives is that "[t]he elements in the indictment were incorrect."  *Id*.  Movant fails to identify what elements in the indictment were incorrect, why they were incorrect, or even to what count of conviction he is referring.  He fails to provide any legal support for this ground and does not mention it in his reply (DE 10) or his supplemental reply (DE 13).  In other words, even construing his pleadings liberally, he fails to provide the Court with sufficient information to determine that he is entitled to any relief.

The Government presumes that Movant is alleging that the indictment's § 924(c) count failed to properly allege a valid crime of violence.  (DE 9 at 11).  It bases this assumption on Movant's explanation that he did not present this argument on direct appeal because "it was not a change of law at that time," the same explanation he offered as to each other ground.  (DE 1 at 5; DE 9 at 1).  As *Davis* is the only "change of law" Movant cites to, it is reasonable to conclude that Ground 2 refers to essentially the same *Davis* claim Movant asserts in Grounds 1, 2, and 4.  As described above, Movant's claims based on *Davis* all fail.  The Court need not speculate any further whether Movant is attempting to articulate a claim based on something other than *Davis* because, without identifying some other recent "change in law" made retroactive on collateral review giving rise to his claim, any other such claim would be untimely.  *See* 28 U.S.C. § 2255(f).

### III.    EVIDENTIARY HEARING

Movant is not entitled to an evidentiary hearing.  "[T]he [M]otion and the files and records of the case conclusively show that [Movant] is entitled to no relief[.]" *See* 28 U.S.C. § 2255(b).

### IV.    CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2255 Proceedings.  "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.*  "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.*  "A timely notice of appeal must be filed even if the district court issues a certificate of appealability."  Rule 11(b), Rules Governing § 2255 Proceedings.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court rejects a § 2255 movant's constitutional claims on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citation and internal quotation marks omitted).

Here, the undersigned recommends denial of a certificate of appealability.  If Movant disagrees, he may so argue in any objections filed with the district court.

### V.    RECOMMENDATIONS

Based on the foregoing, I respectfully **RECOMMEND** that:

1.  Movant's Motion to Vacate (DE 1) be **DENIED**;

11

2.   no certificate of appealability issue;

3.   final judgment be entered; and

4.   this case be **CLOSED**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge.  Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Fort Lauderdale, Florida, this 30th day of November 2020.

Jared M. Strauss
**United States Magistrate Judge**

Copies furnished via CM/ECF to:

Hon. Federico A. Moreno

Derrick Harrell
95711-004
Lee-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 305
Jonesville, VA 24263
PRO SE

Counsel of record

12